JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHRISTINA CAMACHO

**(b)** County of Residence of First Listed Plaintiff PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE, PA ID # 21374
SIDNEY L. GOLD & ASSOC., P.C., 1835 MARKET STREET, STE 515
PHILADELPHIA, PA 19103 (215) 569-1999 sgold@discrimlaw.net

## DEFENDANTS

TMI HOSPITALITY, INC.

County of Residence of First Listed Defendant FARGO, ND
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964 and 1991

Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 06/27/2017

SIGNATURE OF ATTORNEY OF RECORD: /s/Sidney L.Gold, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 3603 Fisk Avenue, Philadelphia, PA 19129

Address of Defendant: 4850 32nd Ave., Fargo, North Dakota 58104

Place of Accident, Incident or Transaction: 4850 32nd Ave., Fargo, North Dakota 58104
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No X

---

Does this case involve multidistrict litigation possibilities? Yes☐ No X

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐ NoX
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐ NoX
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ NoX
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐ No X

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X **Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

**DATE: June 27, 2017** **/s/Sidney L. Gold, Esquire** **21374**
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE: June 27, 2017** **/s/ Sidney L. Gold, Esquire** **21374**
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 3603 Fisk Avenue, Philadelphia, PA 19129

Address of Defendant: 4850 32nd Ave., Fargo, North Dakota 58104

Place of Accident, Incident or Transaction: 4850 32nd Ave., Fargo, North Dakota 58104
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No X

Does this case involve multidistrict litigation possibilities? Yes☐ No X

*RELATED CASE, IF ANY:*
Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ NoX
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ NoX
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ NoX
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. X **Civil Rights**
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) ____________

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) ____________

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, **Sidney L. Gold, Esquire**, counsel of record do hereby certify:

X Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

**DATE: June 27, 2017** **/s/Sidney L. Gold, Esquire** **21374**
Attorney-at-Law Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**DATE: June 27, 2017** **/s/ Sidney L. Gold, Esquire** **21374**
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHRISTINA CAMACHO | : | CIVIL ACTION |
| v. | : | |
| TMI HOSPITALITY, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| June 27, 2017 | | /s/Sidney L. Gold, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| 215.569.1999 | 215.569.3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA CAMACHO,** | : | **CIVIL ACTION NO.:** |
| | : | |
| ***Plaintiff,*** | : | |
| **v.** | : | |
| | : | |
| **TMI HOSPITALITY, INC.,** | : | |
| | : | **JURY TRIAL DEMANDED** |
| ***Defendant.*** | : | |

**COMPLAINT AND JURY DEMAND**

## I. PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff, Christina Camacho ("Plaintiff Camacho"), a former employee of Defendant, TMI Hospitality, Inc. ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory actions, ultimately resulting in the termination of her employment.

2. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

## II. JURISDICTION AND VENUE

3. The original jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the claims are substantively based on Title VII. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff Camacho's

claims arising under the PHRA.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff Camacho's claims occurred in this judicial district.

5. All conditions precedent to the institution of this suit have been fulfilled. On April 11, 2017, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Camacho has satisfied all other jurisdictional prerequisites to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Christina Camacho ("Plaintiff Camacho"), is a thirty eight (38) year old female citizen of the Commonwealth of Pennsylvania of Puerto Rican ancestry, residing therein at 3603 Fisk Avenue, Philadelphia, PA 19129.

8. Defendant, TMI Hospitality, Inc. ("Defendant"), is a corporation duly organized and existing under the laws of the State of North Dakota, maintaining a place of business therein at 4850 32nd Avenue South, Fargo, North Dakota 58104.

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under Title VII and the PHRA, and has been, and is, subject to the provisions of each said Act.

## III. STATEMENT OF FACTS

11. Plaintiff Camacho was employed by the Defendant as an Operations Manager from in or about June of 2014 until on or about December 18, 2014, the date of her unlawful termination.

12. By way of background, Defendant is a nationwide developer and management company of select service and extended stay hotels. Defendant presently manages approximately two hundred (200) hotel properties across twenty six (26) states, representing nationally recognized franchises including, but not limited to, Marriott, Hilton, IHG, and Hampton Inn & Suites.

13. At all times relevant hereto, Defendant assigned Plaintiff Camacho to work at its Hampton Inn & Suites property located at 121 Garden Golf Boulevard in North Wales, Pennsylvania.

14. Plaintiff Camacho at all times performed her job responsibilities in a dutiful and competent manner and maintained an excellent job performance rating with the Defendant.

15. Immediately following Plaintiff Camacho's hire, Jeffrey Falk ("Falk"), Assistant General Manager for Defendant, embarked upon a campaign of discrimination against Plaintiff Camacho on the basis of her sex (female) and ancestry (Puerto Rican), and subjected her to a hostile work environment through various instances of sexual harassment.

16. By way of example, in Plaintiff Camacho's presence, Falk made repeated derogatory and sexually-offensive remarks about various women in the workplace. Specifically, Falk frequently commented on the breasts of Ashlei Birch ("Birch"), General Manager, Elizabeth Weekely ("Weekely"), Director of Sales, and Katie (last name unknown) ("Katie"), Manager. Additionally, Falk often stated that he would like to engage in oral sex with female employees.

17. By way of further example, in Plaintiff Camacho's presence, Falk repeatedly made derogatory and sexually-offensive comments regarding the physical appearance of female employees including, but not limited to, Kathy (last name unknown) ("Kathy"), Assistant General Manager. By way of elaboration, Falk stated, "Kathy is pregnant, That only means that her tits will get even more beautiful." Falk additionally spoke openly in the workplace in lewd fashion about Kathy's undergarments.

18. Additionally, on several occasions, Falk stated to Plaintiff Camacho that Birch looked "fuckable" in her dress.

19. As further harassment, Falk made frequent sexually-offensive comments regarding Plaintiff Camacho's marital relations, specifically questions about her sexual relations with her wife and how to sexually please a woman.

20. In or about July of 2014, Plaintiff Camacho registered a complaint of sexual harassment with Dan Williams ("Williams"), General Manager. Despite Williams' assurances that he would speak with Falk and take corrective action, he failed to conduct an investigation and likewise failed to take steps to cause the harassment to cease.

21. Consequently, in or about late July of 2014, Plaintiff Camacho registered a second complaint of sexual harassment with Williams. Again, Defendant failed to take any remedial action.

22. Shortly thereafter, Plaintiff Camacho registered a complaint of sexual harassment with Birch. Birch directed Plaintiff Camacho to contact the Defendant's compliance hotline.

23. In accordance with Birch's directive, Plaintiff Camacho registered a complaint of sexual harassment with Defendant's compliance hotline. Additionally, Plaintiff Camacho filed a complaint with Brooke Morrison ("Morrison"), Coordinator.

24. Beginning in or about July of 2014, Falk repeatedly demanded that Plaintiff Camacho speak English and stated derogatorily, "I don't speak Puerto Rican."

25. In or about August of 2014, Defendant held an event for its housekeeping staff. Prior to said event, Falk stated to Plaintiff Camacho, "Your housekeepers will

probably take everything they can since that's what they do in the hood," insinuating that said housekeepers would commit theft based on their race (African-American).

26. Further, Falk frequently made discriminatory comments about Regina (last name unknown) ("Regina"), an African-American Manager. Specifically, Falk stated, "Regina can't be the Operations Manager when I move up because she has that ghetto black thing going on."

27. In or about August of 2014, Plaintiff Camacho registered a third complaint of sexual harassment with Williams. During said discussion, Plaintiff Camacho additionally complained about Falk's discriminatory treatment of Defendant's African-American employees.

28. Thereafter, on a nearly weekly basis, Plaintiff Camacho registered complaints of sexual harassment and race discrimination with Williams, yet no corrective action was ever taken and the sexually and racially hostile work environment persisted.

29. In or about September of 2014, Plaintiff Camacho registered a written complaint of sexual harassment with Williams. Plaintiff Camacho received no response from Williams.

30. In or about October of 2014, Falk made a series of sexually-offensive remarks to Plaintiff Camacho regarding the said Weekley. By way of example, Falk stated, "Liz isn't showing enough cleavage, but I would still do her."

31. In or about mid-October of 2014, Falk boasted to Plaintiff Camacho that Defendant would never terminate his employment despite the desires of numerous employees of Defendant that he be terminated.

32. On or about October 14, 2014, Plaintiff Camacho registered a complaint of sexual harassment and race discrimination on behalf of Defendant's African-American employees with Jon Wenndt ("Wenndt"), Area Manager. Like the others, Wenndt failed to conduct an investigation and failed to take any remedial measures.

33. In or about November of 2014, Falk stated to Plaintiff Camacho in derogatory fashion, "People like you like Obamacare," insinuating that Plaintiff Camacho favored said government-sponsored healthcare program based on her Puerto Rican ancestry.

34. Additionally, in or about November of 2014, Falk again attempted to engage Plaintiff Camacho in conversations regarding her intimate relations. By way of example, Falk queried Plaintiff Camacho, "How do you eat your girlfriend out?" referring to oral sex. Plaintiff Camacho refused to respond to Falk's sexually-offensive inquiry and told him his question was inappropriate.

35. Falk persisted in making sexually-offensive remarks to Plaintiff Camacho in reference to other female employees, including, but not limited to, "I would fuck her so good."

36. Despite Plaintiff Camacho's repeated complaints of sexual harassment and race discrimination, the Defendant failed to take any measures to cause the unlawful conduct to cease. Rather, Defendant acquiesced and thereby permitted Falk to foster a sexually and racially offensive hostile work environment.

37. In or about November of 2014, Plaintiff Camacho retained the undersigned counsel to investigate and prosecute claims of sexual harassment and sex and ancestry discrimination against the Defendant.

38. On or about December 5, 2014, Plaintiff Camacho's counsel sent a letter of representation to Defendant and enclosed a draft copy of a charge of discrimination counsel intended to file with the Pennsylvania Human Relations Commission and the United States Equal Employment Opportunity Commission.

39. On or about December 18, 2014, in a blatant act of retaliation, the Defendant abruptly terminated Plaintiff Camacho's position of employment, allegedly for making "false" claims of discrimination in the workplace.

**COUNT I**
**(Title VII - Hostile Work Environment, Sexual Harassment, Ancestry Discrimination, Retaliation)**
**Plaintiff Camacho v. the Defendant**

40. Plaintiff Camacho incorporates by reference paragraphs 1 through 39 of this Complaint as though fully set forth at length herein.

41. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Camacho to a hostile work environment, sexual harassment, ancestry

discrimination, and retaliation for opposing unlawful sexual harassment and discrimination in the workplace, ultimately resulting in the termination of her employment, constituted a violation of Title VII.

42. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, as aforesaid, Plaintiff Camacho sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

43. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of Title VII, Plaintiff Camacho suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNTII**
**(PHRA - Hostile Work Environment, Sexual Harassment, Ancestry Discrimination, Retaliation)**
**Plaintiff Camacho v. the Defendant**

44. Plaintiff Camacho incorporates by reference paragraphs 1 through 43 of this Complaint as though fully set forth at length herein.

45. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Camacho to a hostile work environment, sexual harassment, ancestry discrimination, and retaliation for opposing unlawful sexual harassment and discrimination in the workplace, ultimately resulting in the termination of her employment, constituted a

violation of the PHRA.

46. As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, as aforesaid, Plaintiff Camacho sustained permanent and irreparable harm, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay, and interest due thereon.

47. As a further direct result of the aforesaid discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Camacho suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

48. Plaintiff Camacho incorporates by reference paragraphs 1 through 47 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Camacho requests that this Court enter judgment in her favor against the Defendant and Order that:

a. Defendant compensate Plaintiff Camacho for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. Defendant compensate Plaintiff Camacho with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Camacho punitive damages, liquidated

damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Camacho pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff Camacho demands a trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

/s/Sidney L. Gold, Esquire

SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
TRACI M. GREENBERG, ESQUIRE
I.D. NO: 86396
1835 Market Street, Ste. 515
Philadelphia, PA 19103
215.569.1999
sgold@discrimlaw.net
tgreenberg@discrimlaw.net
Attorney for Plaintiff

DATED: June 27, 2017

**VERIFICATION**

I hereby verify that the statements contained in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: [illegible]

CHRISTINA CAMACHO, PLAINTIFF